**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 20-70-DLB**

**DUANE ALAN DUVALL,**                                                    **PLAINTIFF**


**v.**               **MEMORANDUM OPINION AND ORDER**


**B. GERALD, et al.,**                                                   **DEFENDANTS**

*** *** *** ***

Duane Alan Duvall is a prisoner who was formerly incarcerated at the Federal Correctional Institution (FCI) in Ashland, Kentucky and is now confined at the FCI in Allenwood, Pennsylvania.  Proceeding without a lawyer, Duvall recently filed a civil rights complaint with this Court.  (Doc. # 1).  That submission is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss Duvall's complaint.

Last year, Duvall filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241.  *See Duvall v. U.S. Department of Justice Federal Bureau of Prisons*, No. 0:19-cv-100-HRW, at Doc. # 1 (E.D. Ky. 2019).  In that petition, Duvall indicated that prison officials at FCI - Ashland had disciplined him for "interfering with the taking of count." *Id.*  As punishment, Duvall apparently received seven days in the prison's special housing unit (SHU), a three-point custody level increase, and the loss of other privileges.  *Id.* Duvall maintained that an officer lied on his incident report and that he was not guilty of the charged offense.  *See id.*

This Court, however, conducted an initial screening of Duvall's petition pursuant to 28 U.S.C. § 2243 and denied it without prejudice. *See Duvall*, No. 0:19-cv-100-HRW, at Doc. # 5. Among other things, the Court noted that Duvall had not lost any good conduct time as a result of the incident in question, and, as a result, his habeas petition was not procedurally proper. *See id.* That said, the Court noted that Duvall could still file a civil rights case seeking to expunge his disciplinary report, if he chose to do so. *See id.*

Duvall has now filed that civil rights complaint as his initial pleading in this action. (Doc. # 1). Duvall puts forth essentially the same allegations as before, claims that his constitutional rights have been violated, and asks that his disciplinary report be expunged and that he be "made whole for the violations against" him. *Id.*

The Court, however, will dismiss Duvall's complaint pursuant to 28 U.S.C. § 1915A because it fails to state a claim upon which relief may be granted. To be sure, "a prisoner has a limited right to have erroneous information expunged from his prison file." *Johnson v. CCA-Northeast Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001). However, "the prisoner must establish that: 1) certain information is in the prison file; 2) the information is false; and 3) the information is relied on to a constitutionally significant degree." *Id.*

Here, even accepting Duvall's factual allegations as true, he has not demonstrated that the disciplinary report has been relied on to a constitutionally significant degree. With respect to Duvall's limited time in the SHU, as the Court previously explained, "[d]isciplinary segregation does not implicate a protected liberty interest for purposes of due process unless it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Duvall*, No. 0:19-cv-100-HRW, at Doc. # 5 at 3

2

(quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Duvall's submissions make no reference to such an atypical or significant hardship.  See generally (Doc. # 1).  Moreover, to the extent that Duvall is trying to object to his three-point custody level increase, the United States Court of Appeals for the Sixth Circuit has explained that "a prisoner has no right to a particular security level."  *Johnson*, 21 F. App'x at 332.  And to the extent that Duvall objects to the loss of other privileges at the prison, he has not clearly explained the nature of those collateral consequences, let alone demonstrated that they are constitutionally significant.[1]  Thus, Duvall's complaint is simply unavailing.

Accordingly, it is **ORDERED** that:

(1)     Duvall's complaint (Doc. # 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it fails to state a claim upon which relief may be granted;

(2)     This action is **STRICKEN** from the Court's docket; and

(3)     The Court will enter a corresponding Judgment.

This 24th day of August, 2020.



Signed By:

*David L. Bunning*

United States District Judge

J:\DATA\ORDERS\PSO Orders\0-20-070-DLB Memorandum.docx

---

[1]     While the prison incident report attached to Duvall's complaint does suggest that he may have lost telephone privileges for a short time (Doc. # 1-1 at 2), federal courts have consistently said that this sanction is not constitutionally significant.  *See, e.g.*, *Uraz v. Ingham County Jail*, No. 1:19-cv-550, 2019 WL 4292394, at *6 (W.D. Mich. Sept. 11, 2019) (collecting cases).